HENRY B. METCALF & another *vs.* CHARLES MUNSON & others.

For the purpose of proving a person's insolvency at a particular time, evidence is competent to show that a note signed by him was then outstanding, although its validity was denied by him, and it was afterwards disallowed in the court of insolvency.

An attachment of real estate may be proved by the entry thereof in the clerk's book of attachments, kept under Gen. Sts. *c.* 123, § 53.

Evidence that an insolvent debtor was reputed to be a man of large property at the time when a conveyance by him was made is admissible upon the issue whether the grantee had reasonable cause to believe him insolvent.

The Gen. Sts. *c.* 118, § 91, providing that if a conveyance of property by an insolvent debtor is not made in the usual and ordinary course of his business that fact shall be *prima facie* evidence that the grantee had reasonable cause to believe him insolvent, apply to conveyances made to preexisting creditors as well as to other conveyances.

TORT, by the assignees of Benjamin Little, an insolvent debtor, to recover the value of a stock of furniture sold by him to the defendants on the 22d of September 1862.

At the trial in the superior court, before *Brigham,* J., it appeared that Little filed his petition in insolvency on the 31st of December 1862. He had kept a stock of furniture for sale at retail in Huntington, and the defendants, who were traders there, had usually a large account for goods sold to him and to persons in his employment, which he had been accustomed to settle at stated periods by giving his notes on time for the balances found due to them. On the 22d of September 1862 three such notes were outstanding, and not due, amounting together to $1185, which had been discounted upon the indorsement of the payees. In consideration of the sale of the furniture, the defendants agreed to pay these notes, and gave also other notes to him amounting to $670, and also some smaller matters were adjusted at the same time.

In order to prove Little's insolvency at the time of this transaction, the plaintiffs, after putting in evidence various notes which had been allowed against his estate, offered a note dated May 31st 1862, payable to Myer & Wondra, the signature to which was admitted to be in Little's handwriting; and one of the plaintiffs testified on cross-examination that it was offered for proof against Little's estate, but upon Little's objection that

its date had been fraudulently altered it was disallowed in the court of insolvency. The defendants objected to the admission of this note in evidence, but the objection was overruled. The plaintiffs were also allowed, under objection, to introduce in evidence the entry, on the 19th of September 1862, of an attachment of Little's real estate purporting to have been made on the day before, in the clerk's book of records of attachments, for the purpose of proving that his real estate had been attached before the 22d of September.

The defendants offered to prove that Little was reputed in Huntington and its vicinity to be a man of large property, and to be the owner of valuable real and personal estate; but the judge excluded the evidence. Witnesses subsequently called were however allowed to testify that his credit and solvency were unquestioned until his failure in December, or shortly before that time.

The plaintiffs contended that the sale was out of Little's usual course of business, and therefore *prima facie* evidence, under Gen. Sts. *c.* 118, § 91, that the defendants had reasonable cause to believe him insolvent. The defendants contended that even if it was out of the usual course of his business, yet inasmuch as it was a sale to preëxisting creditors and indorsers it was governed by § 89, and not by § 91, and that the provision referred to in § 91 had no application to this case. The judge however ruled that the provision applied as well to cases under § 89 as to those under § 91.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*H. Morris*, for the defendants. The note to Myer & Wondra was so far impeached that it ought not to have been admitted to affect the defendants, who were not parties to it. The record of the attachment was not the proper evidence of the attachment. The evidence as to Little's reputation as a man of property should have been admitted. *Bartholomew* v. *McKinstry* 6 Allen, 567, and cases cited. *Whitcher* v. *Shattuck*, 3 Allen 319. *Simpson* v. *Carleton*, 1 Allen, 109. *Boardman* v. *Kibbee* 10 Cush. 545. The judge erred in ruling that the provision

Metcalf & another *v.* Munson & others.

of Gen. Sts. *c.* 118, § 91, is applicable to a case like the present.

*J. Wells*, for the plaintiffs.

CHAPMAN, J. 1. The sale of property by Little to the defend-ants was made on the 22d of September 1862. In order to impeach it, the plaintiffs were obliged to prove, among other things, the insolvency of Little at that time. The existence of a note against him in favor of Myer & Wondra, dated May 31st 1862, would be pertinent evidence on that point. The fact that a note of that date, the signature of which was not denied, was in the hands of a person who claimed it as a creditor and at-tempted to prove it in the court of insolvency some months after-wards was proper to be submitted to the jury, notwithstanding the evidence that was drawn out on cross-examination tending to destroy its validity; for the jury must decide the matter upon all the circumstances of the case.

2. The entry in the book of records of attachments was com-petent evidence to prove the existence of an attachment of Little's real estate.

3. The evidence of the reputation of Little as to property ought to have been admitted. On the question of what the defendants had reasonable cause to believe concerning the sol-vency of Little at the time of the sale to them, such evidence is pertinent, and is often entitled to great weight. It is of the same character with the evidence which was held to be admissi-ble in the cases cited by the defendants' counsel.

4. The construction which was given by the presiding judge to Gen. Sts. *c.* 118, §§ 89, 91, is the same which they received in *Nary* v. *Merrill*, 8 Allen, 451. The court found some difficulty in construing these two sections, but are of opinion upon recon-sideration that the construction given in that case was correct.

*Exceptions sustained.*